# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN JAMAL SPENCER, | ) No. CV 15-0761-CJC (AS) |
| Plaintiff, | ) |
| v. | ) **ORDER DISMISSING COMPLAINT** |
| J. MONTOYA, | ) **WITHOUT LEAVE TO AMEND** |
| Defendant. | ) |

On February 3, 2015, Plaintiff Ryan Jamal Spencer, a prisoner at California Men's Colony ("CMC"), filed a pro se civil rights Complaint. (Docket Entry No. 1.) Plaintiff filed the Complaint in forma pauperis against a single Defendant — CMC-East Correctional Officer J. Montoya — in his individual capacity. The Court has screened the Complaint as prescribed by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. For the reasons discussed below, the Court DISMISSES Plaintiff's Complaint WITHOUT LEAVE TO AMEND.

In the Complaint, Plaintiff alleges that Montoya violated his Eighth Amendment right to medical care and his Fourteenth Amendment right to be free from discrimination. (Compl. at 5.) His claims are

based on a single incident on June 3, 2014. (Id.) According to Plaintiff, he routinely left his cell at 7 a.m. to get a surgical wound cleaned and redressed. (Id.) On the date in question, Montoya did not allow Plaintiff to go to the medical ward at that time and told Plaintiff "you can go later." (Id.) Montoya allegedly allowed other inmates to seek medical treatment at that time. (Id.) Plaintiff alleges this incident put him at risk of getting a serious infection and he now requires another medical procedure because his wound was not treated properly. (Id. at 5–7.)

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A. Moreover, when a complaint is filed in forma pauperis, "the court shall dismiss the case at any time" if the court concludes that the allegation of poverty is untrue or that the complaint (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also 28 U.S.C. § 1915A(b)(1)–(2); Lopez v. Smith, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000) (en banc).

"A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 219, 325 (1989); see also Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). A court may dismiss a complaint for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v.

1  Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662,
2  678 (2009).  "A claim has facial plausibility when the plaintiff
3  pleads factual content that allows the court to draw the reasonable
4  inference that the defendant is liable for the misconduct alleged."
5  Iqbal, 556 U.S. at 678; see also Hartmann v. Cal. Dep't of Corr.
6  & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013).

8      Here, the Court finds that not only has Plaintiff failed to
9  state a claim upon which relief may be granted, but his claims are
10 also frivolous.  To constitute an Eighth Amendment violation, prison
11 conditions must involve "the wanton and unnecessary infliction of
12 pain . . . ."   Rhodes v. Chapman, 452 U.S. 337, 347 (1981).
13 Moreover, prison officials may be held liable for unsafe conditions
14 of confinement only if they acted with "deliberate indifference to a
15 substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124,
16 1128 (9th Cir. 1998).  It stretches reason to think that Plaintiff is
17 entitled to non-emergency medical treatment at any time that he
18 chooses in a prison setting, and that Correctional Officer Montoya's
19 refusal on a single day at a specific time qualifies as "deliberate
20 indifference to a substantial risk of harm."  Simply alleging that
21 Correctional Officer Montoya's conduct violated the Eighth Amendment
22 is insufficient.  Twombly, 550 U.S. at 555 (requiring a plaintiff to
23 allege "more than labels and conclusions" to state a claim).

25     An equal-protection claim under the Fourteenth Amendment, as
26 Plaintiff alleges here, requires a showing that the defendants "acted
27 with an intent or purpose to discriminate against the plaintiff based
28 upon membership in a protected class."  Barran v. Harrington, 152

F.3d 1193, 1194 (9th Cir. 1998) (citing, *inter alia*, <u>Washington v. Davis</u>, 426 U.S. 229, 239-40 (1976)).  In this case, Plaintiff has not identified membership in a protected class.

    Furthermore, the Court finds it wholly incredible that Plaintiff's inability to have his surgical wound cleaned and redressed at a specific time on a specific day was the actual and proximate cause of a risk of serious infection or additional surgery. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992) (holding that factual allegations that "rise to the level of the irrational or the wholly incredible" need not be accepted as true).  The incredibility of Plaintiff's alleged harm and its cause is magnified by the fact that Plaintiff himself alleges that he had the wound treated and redressed on a daily basis.  (Compl. at 5.)  Plaintiff is very specific and clear about the date and time that Montoya denied him access to the prison medical staff.  (<u>Id.</u>)  He does not allege that Montoya repeatedly denied him access to treatment.  In fact, Plaintiff alleges that Montoya told him he could get his surgical wound taken care of at a later time.  (<u>Id.</u>)  There is simply nothing in the Complaint to suggest Montoya's alleged conduct could have resulted in Plaintiff's alleged harm — risk of serious infection and additional surgery.

    Plaintiff's Complaint lacks an arguable basis in fact or law. Since the Court finds that Plaintiff has not only failed to state a claim, but that his Complaint is also frivolous, the Court DISMISSES the case WITHOUT LEAVE TO AMEND.  <u>Lopez</u>, 203 F.3d at 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious,

there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.")

This dismissal constitutes Plaintiff's "third strike" and prohibits Plaintiff from filing any further actions in forma pauperis. 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . . ."). This is Plaintiff's tenth action in forma pauperis in the Central District of California since 2000. Two of the prior cases — both prisoner civil rights actions — constitute strikes under § 1915(g).[1] See Spencer v. Lind, No. 5:11-cv-1177-UA-SH (C.D. Cal. Aug. 15, 2011) (dismissed for failure to state a claim); Spencer v. Nunley, No. 2:12-cv-6797-UA-SH (C.D. Cal. Oct. 22, 2012) (dismissed as frivolous and for failure to state a claim).

Dated: April 3, 2015

_____
Cormac J. Carney
United States District Judge

---

[1] The other actions were habeas petitions, including four that were dismissed as successive. See Case Nos. 2:00-cv-4593-AHM-SH; 2:09-cv-6787-AHM-SH; 2:11-cv-0813-AHM-SH; 2:12-cv-8909-GAF-SH; 2:13-cv-3245-GAF-AS; 2:14-5053-GAF-AS; 2:14-cv-9868-CJC-AS. However, the dismissal of a habeas petition does not count for the purposes of § 1915(g). Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005).

5